PROVIDENT NATIONAL ASSURANCE COMPANY, Petitioner,

v.

A. Paul STEPHENS, Respondent.

No. 95–0301.

Supreme Court of Texas.

Argued Oct. 11, 1995.

Decided Oct. 27, 1995.

Rehearing Overruled Dec. 22, 1995.

Charles C. Frederiksen, David A. Stephan, McKenna & Cuneo, Dallas, for Petitioner.

Gregory A. Whittmore, Dallas, for Respondent.

ENOCH, Justice, delivered the opinion of the Court.

Provident National Assurance Company foreclosed on separate pieces of real estate with one bid price. A.P. Stephens, a guarantor of the notes secured by those properties, defended against Provident's suit on the guaranties for the deficiency balances on the ground that the single bid precluded Provident's claims. The court of appeals affirmed the trial court's judgment for Stephens. We reverse.

A.P. Stephens owned a one-third interest in Hunt–Stephens Investments, a Texas general partnership. The partnership borrowed $5,025,000 from Provident and in return signed a note and a deed of trust giving Provident a lien on part of a shopping center. Provident had no personal recourse against the partnership or its individual partners on this note, but Stephens guaranteed payment of this note for up to $1,256,250.

The partnership then borrowed $6,000,000 from Provident and signed another note and deed of trust giving Provident a lien on an additional portion of the shopping center. Provident had no personal recourse against the partnership or its partners on this note

either, but Stephens again guaranteed payment, this time for up to $1,500,000 plus interest and attorney's fees.

The partnership defaulted on both notes. Provident declared the notes in default, accelerated payment under the notes, and posted both shopping center properties for foreclosure. At the foreclosure sale, Provident's substitute trustee made one bid of $8,000,000 for the two properties and executed one deed to Provident.

Because the foreclosure sale price was less than the balances owed on the underlying notes, Provident sued Stephens on the limited guaranties. Provident moved for summary judgment, arguing that it had established its right to recover on the guaranties as a matter of law. Stephens responded and filed his own motion for summary judgment, alleging that Provident could never establish a prima facie case because its single bid at the foreclosure sale made it impossible to calculate any deficiency amounts and precluded Provident from recovering any deficiencies. The trial court, without stating its reasons, denied Provident's motion, granted Stephens' motion, and rendered a take-nothing judgment against Provident. On Provident's appeal, the court of appeals held that the trial court correctly denied Provident's summary judgment motion because the affidavit Provident relied upon in its motion contained only conclusory allegations that did not explain how Provident calculated the deficiencies. —— S.W.2d ——. The court of appeals held that because Provident did not establish the underlying facts to support its allocation, the evidence was insufficient to prove the deficiency amounts as a matter of law. The court of appeals, however, also concluded that Stephens failed to negate an essential element of Provident's deficiency claims and thus was not entitled to a summary judgment. The court reversed the judgment of the trial court and remanded the cause. —— S.W.2d at ——.

After remand, the parties stipulated to most facts, but left for trial the issue of the deficiency amounts. A professional real es-

tate appraiser, Kelly W. Miller, testified on Provident's behalf. Miller confirmed that he had preliminarily appraised the two properties at $8,000,000, but that after this preliminary appraisal and before the foreclosure sale, he completed an in-depth property appraisal from which he concluded that the actual value was $6,525,000. In neither calculation did he allocate individual values to the two tracts of land. Not knowing Miller's final lower appraisal before foreclosure, Provident bid in accordance with the $8,000,000 estimate.

Four months after the foreclosure sale, Provident's asset manager, Robert Dilks, appraised the two tracts at $3,010,000 and $3,890,000, respectively. Richard E. Corn, a vice president at Provident's parent company, testified that he used these numbers to calculate the deficiencies. He compared the individual appraisal values to the sum of those values to obtain two percentages. Then he multiplied the $8,000,000 sale price by these percentages to produce a sale price for each tract. Using this formula, Corn concluded that a deficiency of $1,526,000 remained on the first loan, an amount that exceeded Stephens' guaranty of $1,256,250. Corn also concluded that a deficiency of $1,473,900 remained on the second loan, an amount that exceeded the second guaranty of $1,500,000 when interest and attorney's fees were included in accordance with the terms of that guaranty. Thus, under Provident's analysis, Stephens is liable for the full amount of each of his guaranties.

Stephens left Provident's evidence virtually unchallenged. Yet, the trial court granted a take-nothing judgment against Provident. Provident appealed.

The court of appeals held that fair market value was not the appropriate measure to prove a deficiency and, therefore, all evidence of fair market value should be disregarded. As a result, the court held that Provident's evidence was legally insufficient to prove the deficiencies. It affirmed the judgment of the trial court.

Provident comes to us complaining that the court of appeals erred in disregarding the deficiency evidence. We agree.

■ Before trial, the parties essentially stipulated to the facts of the case. The only issue presented for trial was whether Provident could prove any deficiencies after the foreclosure sale. It appears that Stephens' sole defense is that Provident's single bid for the two properties precludes it from ever being able to prove the deficiencies. Stephens, however, cites no authority, nor have we found any, supporting the proposition that Provident's single bid precludes its deficiency claims. Stephens' preclusion argument has no merit.

■ The court of appeals predicated its holding on the statement that "fair market value is not the appropriate measure to show the deficiency due." To be sure, a deficiency is calculated by subtracting the foreclosure sale price, not the fair market value, from the amount owed under the note. *Tarrant Sav. Ass'n v. Lucky Homes, Inc.*, 390 S.W.2d 473, 475 (Tex.1965); *Maupin v. Chaney*, 139 Tex. 426, 163 S.W.2d 380, 384 (1942). But while the court of appeals' statement is correct, it is irrelevant to the determination of this case.

■ No Texas court has held that a mortgagee such as Provident is prohibited from allocating a single foreclosure sale price between two tracts of land. Provident loaned Hunt–Stephens a total of $11,025,000. Neither the partnership nor any of its partners made any payments on the principal of either loan. Provident discharged $8,000,000 of the debt, $1,100,000 more than the final appraisal value of the two tracts of land, by foreclosing on the collateral. It is undisputed that a deficiency of $3,025,000 plus interest resulted from Hunt–Stephens' default.

■ Provident does not argue that the measure of a deficiency is the amount owed minus the fair market value of the collateral. Provident asserts only that the single sale price may be reasonably allocated between the two properties by using a ratio derived from a comparison of the individual fair market values of those properties. We agree.

■ Stephens, in any event, asserts that this allocation was improper because it was not made until four months after the foreclosure sale. An allocation based on fair market value, however, need not be completed prior to a foreclosure sale. To be reasonable, the allocation need only be based on the fair market value of the properties at the time of the sale. In fact, the Texas Legislature has recently authorized the use of post-foreclosure appraisals to determine the fair market value of property in deficiency actions. *See* TEX.PROP.CODE § 51.003(b).

The court of appeals erred in concluding that Provident's evidence was legally insufficient to establish deficiency balances on the notes underlying this dispute. We reverse the judgment of the court of appeals and remand to the trial court for rendition of judgment in accordance with this opinion.

BAKER, J., not sitting.