DMC VALLEY RANCH, L.L.C., DMC
Frisco, L.L.C., Marc A. Wilson, and
Daniel P. McDonald, Appellants,

v.

HPSC, INC., Appellee.

No. 05–08–01519–CV.

Court of Appeals of Texas,
Dallas.

June 25, 2010.

William L. Wolf, Craig P. Henderson, William L. Wolf, P.C., Dallas, TX, for Appellants.

Chad Berry, Jones & Davis, L.L.P., Addison, TX, for Appellee.

Before Justices MORRIS, FITZGERALD, and FRANCIS.

## OPINION

Opinion By Justice FITZGERALD.

Appellee HPSC, Inc. sued appellants on certain loan transactions and obtained summary judgment. We reverse and remand.

### I. BACKGROUND

#### A. Allegations

HPSC alleged the following facts in its live pleading. In November 2005, HPSC as lender and appellant DMC Valley Ranch, L.L.C. as borrower entered a finance agreement and security agreement. DMC Valley Ranch used the money to acquire equipment for a medical practice. It granted HPSC a security interest in all of its property and fixtures. Gregory Johnson and appellants Marc A. Wilson and Daniel P. McDonald executed a personal guaranty of DMC Valley Ranch's obligations.

HPSC entered a similar transaction with appellant DMC Frisco in June 2006. HPSC as lender and DMC Frisco as borrower entered a finance agreement and security agreement, and DMC Frisco used the money to acquire equipment for a medical practice. It granted HPSC a security interest in all of its property and fixtures. Johnson, Wilson, and McDonald executed a personal guaranty of DMC Frisco's obligations.

DMC Valley Ranch and DMC Frisco defaulted on their agreements.

#### B. Procedural history

HPSC sued appellants[1] on the various agreements in December 2007, and they

1. HPSC also sued Gregory Johnson. The final judgment awarded HPSC relief against

answered with a general denial. HPSC moved for summary judgment in March 2008. Appellants filed a response and amended their answer to add two counterclaims for declaratory judgment and one for attorneys' fees under the declaratory-judgment statute. The court heard HPSC's summary-judgment motion on April 28, 2008. The court did not rule on the summary-judgment in writing at that time.

On May 21, 2008, HPSC filed a motion for entry of final summary judgment, to which it attached additional affidavits. On June 13, 2008, it filed a supplemental motion for entry of final summary judgment, to which it attached another affidavit. On July 1, 2008, appellants filed their first supplemental answer and counterclaim in which they added four new counterclaims: breach of the duty of good faith and fair dealing, improper disposition of collateral, declaratory judgment as to the value of the collateral, and attorneys' fees under Chapter 38 of the civil practice and remedies code. On that same date they also filed a response to HPSC's motion for entry of final summary judgment. On July 21, 2008, HPSC filed a second supplemental motion for entry of final summary judgment, to which it attached additional summary-judgment evidence. Appellants filed a response to HPSC's second supplemental motion on July 30, 2008.

The parties agree that the court held a hearing on HPSC's motion for entry of final summary judgment on August 13, 2008. On that same day, the trial judge signed a final summary judgment in which it awarded HPSC damages, interest, and attorneys' fees against appellants and ordered appellants to take nothing on their counterclaims. Appellants filed a motion

for new trial, but the record contains no written order disposing of that motion. Appellants then perfected this appeal.

## II. ANALYSIS

Appellants raise four issues on appeal. In their first issue, they argue that the judgment is erroneous because HPSC did not move for summary judgment on appellants' new counterclaims filed on July 1, 2008. In their second issue, they argue that the evidence raises a genuine fact issue as to the amount of damages. In their third issue, they argue that the judgment is erroneous in its award of attorneys' fees because HPSC failed to segregate its fees and because the evidence did not support the trial court's allocation of liability for the fees between DMC Valley Ranch and DMC Frisco. In their fourth issue, they argue that they were given inadequate notice of the second hearing in this matter.

### A. Adequacy of notice

■ In their fourth issue, appellants argue that they received inadequate notice of the second hearing in this matter because HPSC served its second supplemental motion for entry of final judgment by fax on July 21, 2008, which was twenty-three days before the hearing date of August 13, 2008. Appellants argue that the rules entitled them to twenty-four days' notice. *See* TEX. R. CIV. P. 166a(c) (requiring summary-judgment movant to give twenty-one days' notice); TEX. R. CIV. P. 21a (requiring three additional days' notice of hearing when opposing party is served by fax). We reject appellants' argument.

■ Appellants' argument that twenty-three days' notice was insufficient depends

Johnson and appellants, but Johnson did not appeal. Accordingly, we do not further discuss the proceedings as they related to him.

on an assumption that HPSC's second supplemental motion for entry of final summary judgment was itself a summary-judgment motion. That assumption is incorrect. HPSC filed only one summary-judgment motion, and it was heard on April 28, 2008. Afterwards, HPSC filed a motion for entry of final summary judgment and two supplements to that motion. In those three filings, HPSC presented no new summary-judgment grounds. Rather, in each filing HPSC asked the trial court to consider additional attached summary-judgment evidence in support of its pending motion for summary judgment. These requests were permissible, because "[a] court can allow evidence to be filed after the hearing on the motion and before summary judgment is rendered." *Beavers v. Goose Creek Consol. I.S.D.*, 884 S.W.2d 932, 935 (Tex.App.-Waco 1994, writ denied). Because HPSC's three post-hearing filings sought only to supplement the summary-judgment evidence, and not to add additional summary-judgment grounds, they were not subject to the twenty-one-day notice provision of rule 166a(c). *Cf. Sams v. N.L. Indus., Inc.*, 735 S.W.2d 486, 487–88 (Tex.App.-Houston [1st Dist.] 1987, no writ) (holding movant's post-hearing "reply" that added new summary-judgment grounds required new twenty-one-day notice period). No rule requires twenty-one days' notice of a hearing of a motion for leave to file additional summary-judgment evidence, so the three-day rule applies. *See* Tex.R. Civ. P. 21 (setting forth general rule that a motion not presented during a hearing or trial must be served three days before the time specified for hearing). Appellants received more than three days' notice of the August 13 hearing as to HPSC's motion for entry of final summary judgment and both of its supplements.

Appellants have not shown that they received insufficient notice of the August 13 hearing. We reject the argument made under their fourth issue on appeal.

## B. Counterclaims

On July 1, 2008, appellants filed a supplemental pleading in which they asserted four new counterclaims, in addition to the counterclaims they had pleaded before the April 28 summary-judgment hearing. In their first appellate issue, appellants argue that the trial court erred by rendering summary judgment on their new counterclaims because HPSC did not attack those counterclaims in its motion for summary judgment. HPSC responds that those counterclaims were not properly before the trial court because they were filed after the April 28, 2008 summary-judgment hearing.

■ A party may amend its pleadings without leave of court up to seven days before a summary-judgment hearing. *Goswami v. Metro. Sav. & Loan Ass'n,* 751 S.W.2d 487, 490 (Tex.1988). If a summary-judgment nonmovant files an amended pleading after the deadline but before the hearing, leave of court is presumed if the summary judgment recites that the trial court examined the pleadings, there is no indication that the amended pleading was not considered, and the opposing party does not show surprise. *Continental Airlines, Inc. v. Kiefer,* 920 S.W.2d 274, 276 (Tex.1996). If a summary-judgment nonmovant files an amended pleading after the summary-judgment hearing but before the judgment is signed, there is no presumption that leave was granted; the record must affirmatively show that the trial court granted leave. *See* Tex.R. Civ. P. 166a(c) (pleadings will be considered if filed after summary-judgment hearing and before judgment "with permission of the court"); *9029 Gateway S. Joint Venture v. Eller Media Co.,* 159 S.W.3d 183, 187 (Tex.

App.-El Paso 2004, no pet.) ("In this circumstance, we assume leave has been denied unless the record affirmatively reflects that the court granted leave."); *see also Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 841 (Tex.App.-Dallas 2008, no pet.). Failure to obtain leave waives the newly pleaded issues. *Rivera*, 262 S.W.3d at 841.

■ In this case, the record does not contain a separate order granting leave for appellants to file their First Supplemental Answer and Counterclaim, but the summary-judgment order recites:

*After considering all of the pleadings,* the motions, the responses, the replies, the evidence on file and the arguments of counsel, the Court hereby GRANTS Plaintiff's Motion for Summary Judgment against Defendants and Plaintiff's Motion for Entry of Final Summary Judgment Against Defendants.

. . .

It is further, ORDERED, ADJUDGED AND DECREED that Defendants DMC Frisco, L.L.C., DMC Valley Ranch, L.L.C., Marc A. Wilson, Daniel P. McDonald, and Gregory Johnson take nothing on their counterclaims. . . .

(Emphasis added.) The question thus becomes whether this language shows that the trial court granted permission for the late filing. We conclude that it does. A supplemental answer and counterclaim is a "pleading. *See* Tex.R. Civ. P. 45(a) (pleadings are "by petition and answer"); *id.* 97(b) (a pleading may state counterclaims against an opposing party)." Thus, by reciting that it considered "all of the pleadings" rather than all "timely filed" pleadings, the trial court indicated that it had considered appellants' First Supplemental Answer and Counterclaim in the course of deciding the summary-judgment motion. *Cf. Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 323 (Tex.App.-Hous-

ton [1st Dist.] 1995, no writ) (trial court did not grant leave to file pleadings late where summary-judgment order stated that court considered "*prior* pleadings referenced in the motion for summary judgment"). Moreover, the trial court expressly adjudicated appellants' counterclaims on the merits, decreeing that they should "take nothing on their counterclaims." The court did not except appellants' late-filed counterclaims from its judgment. We conclude that the language of the order as a whole shows that the trial court granted leave for appellants to file their new counterclaims and adjudicated them.

Although we have found no case precisely on point, our conclusion finds support in the case of *Saldana v. City of Brownsville*, No. 13–02–705–CV, 2004 WL 1933371 (Tex.App.-Corpus Christi Aug. 31, 2004, no pet.) (mem. op.). The question presented in that case was whether the trial court had granted leave for the late filing of a summary-judgment response. The summary-judgment order in that case recited that the court had "reviewed" the response. *Id.*, 2004 WL 1933371, at *3. The court of appeals concluded that "the trial court allowed the late filing of appellant's response because it acknowledged that the response had been reviewed in arriving at its opinion." *Id.; see also* TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS: PRACTICE, PROCEDURE AND REVIEW § 2.02[2] (2009) ("The affirmative indication that the trial court considered the late response may consist of . . . a written ruling incorporated into the summary judgment reciting that the response was considered[.]"). By the same reasoning, the trial court in this case indicated that it had allowed the late filing of appellants' amended pleading by reciting that it had considered "all of the pleadings" in the case and by decreeing that appellants "take nothing on their counterclaims." We conclude that appellants' new

counterclaims were properly before the trial court when it granted summary judgment.

HPSC, however, did not attack appellants' new counterclaims in its summary-judgment motion. The trial court errs if it grants summary judgment on a claim not addressed in the summary-judgment motion. *Chessher v. Sw. Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983) (per curiam); *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 810 (Tex.App.-Dallas 2008, pet. denied). We reverse the summary judgment to the extent the trial court ruled on appellants' new counterclaims pleaded in their First Supplemental Answer and Counterclaim.

## C. Value of the collateral

In their second issue, appellants argue that the evidence raises a genuine issue of material fact as to the amount of damages recoverable by HPSC. Specifically, appellants argue that the evidence raises a genuine issue of material fact as to the value of the collateral, which is an offset to their indebtedness. We must reverse unless the evidence conclusively established the amount of HPSC's damages. *See U.S. Fire Ins. Co. v. Scottsdale Ins. Co.*, 264 S.W.3d 160, 165 (Tex.App.-Dallas 2008, no pet.). We must take the evidence favorable to the nonmovants as true and draw every reasonable inference from the evidence in favor of the nonmovants. *Id.*

Appellants do not dispute that HPSC proved that DMC Valley Ranch and its guarantors owed HPSC $95,812.10 and that DMC Frisco and its guarantors owed HPSC $454,284.57. The trial court rendered judgment against DMC Valley Ranch and its guarantors in the amount of $65,812.10, thus giving them an offset of

$30,000. The trial court rendered judgment against DMC Frisco and its guarantors in the amount of $392,693.57, thus giving them an offset of $61,591. The two offsets totaled $91,591. Appellants contend that HPSC's evidence did not conclusively establish the correctness of this total figure, and alternatively that their own summary-judgment evidence raised a genuine issue of material fact regardless of the quality of HPSC's evidence.

We conclude that appellants' summary-judgment evidence raised a genuine issue of material fact as the amount of the offset that appellants were entitled to, even assuming HPSC carried its initial burden on that issue with evidence establishing an offset amount of $91,591. Appellants rely on the affidavit of expert witness Jim Townsend, who testified as follows:

> Arthur Lloyd LLC [Townsend's company] was asked to appraise four (4) laser systems—one Medlite C6 system and three Solera systems. Two of the systems we appraised—the Medlite, serial number MC6–2106 and the Solera system, serial number TT3011—are included on Mr. Mullen's [2] June 30, 2008 asset listing. The other two Solera systems we appraised may or may not be included on Mr. Mullen's list, as we were not able to match up the assets by serial number. The descriptions on Mr. Mullen's list, [sic] are similar to the descriptions we were provided.

Then he engaged in certain assumptions to reach a higher range than HPSC's appraiser did:

> If we assume that the four lasers we appraised are in fact four of the five lasers on Mr. Mullen's list, and we add

2. Rhey Mullen was HPSC's appraiser of the collateral. His affidavit was attached to HPSC's second supplemental motion for entry of final summary judgment, and he swore that the value of the collateral was in the range of $67,951 to $91,591.

Mr. Mullen's values for the assets we did not appraise, including the fifth laser on his list, then our value conclusion would total a range between $104,541 and $110,541, depending on whether we assume the low or high end of Mr. Mullen's value ranges.

On appeal, HPSC raises several complaints about the Townsend affidavit: lack of personal knowledge, lack of experience with the particular kind of medical equipment at issue, failure to evaluate all of the medical equipment at issue, and assumptions not based on fact. Although HPSC made written objections in the trial court and asserts on appeal that the trial court sustained those objections, the record contains no written rulings on the objections. *See Mitchell v. Baylor Univ. Med. Ctr.*, 109 S.W.3d 838, 842 (Tex.App.-Dallas 2003, no pet.) ("Evidence that has been objected to remains part of the summary judgment proof unless an order sustaining the objection is reduced to writing, signed, and entered of record."). Nor does the record reflect an implicit ruling on HPSC's objections. *See Duncan–Hubert v. Mitchell*, 310 S.W.3d 92, 100 (Tex.App.-Dallas 2010, no pet. h.) (holding that mere granting of summary-judgment motion did not implicitly rule on movant's objections to nonmovant's evidence). Thus, HPSC may not now attack defects of form in the affidavit, but it may challenge defects in its substance. *See Hogan v. J. Higgins Trucking, Inc.*, 197 S.W.3d 879, 883 (Tex.App.-Dallas 2006, no pet.).

HPSC's objection that Townsend lacked personal knowledge of the matters set forth in his affidavit is an objection to the form of the affidavit, so that objection is waived. *See Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 697 (Tex.App.-Dallas 2008, no pet.). We construe HPSC's objection that Townsend lacked experience with the particular kind of equipment at issue as an attack on his qualifications as an expert. This too is an objection to the form of the affidavit, so it is waived. *See Duncan–Hubert*, 310 S.W.3d at 105.

■ Next, HPSC objects that Townsend did not evaluate and appraise all of the equipment that Mullen did when he performed his appraisal for HPSC. This is arguably an objection that Townsend's affidavit is speculative on its face, which would be a defect of substance that HPSC may raise for the first time on appeal. *Id.* at 103. We conclude that Townsend's affidavit is not speculative on its face. "Expert testimony is considered 'conclusory or speculative' when it has no factual substantiation in the record." *Beaumont v. Basham*, 205 S.W.3d 608, 621 (Tex.App.-Waco 2006, pet. denied). In his affidavit, Townsend acknowledged that he did not examine all of the equipment listed in Mullen's appraisal, but he did not speculate about the value of the equipment he did not examine. Rather, he accepted Mullen's valuation opinions as to that equipment. Mullen's affidavit establishes that he inventoried, analyzed, and appraised the medical equipment in question. Thus, Townsend's opinions as to the equipment he did not personally examine are supported by facts substantiated in the record by HPSC's own expert.

■ Finally, HPSC objects that Townsend made assumptions that were insufficiently supported by the facts, apparently because Townsend could not match two of the four lasers he appraised to Mullen's appraisal with certainty. It is not clear whether this objection goes to the form or the substance of Townsend's affidavit, but we reject it even assuming it attacks the affidavit's substance. Townsend testified that the two lasers were similar to the descriptions provided by Mullen. Although this testimony is not

definitive, it is sufficient to permit an inference that Townsend appraised lasers that were substantially similar to the ones that Mullen appraised. "The weakness of facts in support of an expert's opinion generally goes to the weight of the testimony rather than its admissibility." *LMC Complete Auto., Inc. v. Burke,* 229 S.W.3d 469, 478 (Tex.App.-Houston [1st Dist.] 2007, pet. denied).

We conclude that Townsend's affidavit raises a genuine issue of material fact as to the value of the collateral and the proper offset. The trial court erred by granting final summary judgment as to damages.

### D. Attorneys' fees

The trial court awarded attorneys' fees to HPSC as follows:

> It is further ORDERED, ADJUDGED AND DECREED that Plaintiff HPSC, Inc. have and recover of and from Defendants DMC Frisco, L.L.C., DMC Valley Ranch, L.L.C., Marc A. Wilson, Daniel P. McDonald and Gregory Johnson reasonable and necessary attorneys' fees in the amount of [$23,373.50]. Such fees will be apportioned among the defendants as follows: *The attorney's fees above will be allocated 14% to DMC Valley Ranch, L.L.C. and 86% to DMC Frisco, L.L.C.*[3]

The record does not disclose the basis for the trial court's 14%/86% allocation of the fees, but those percentages match the DMC entities' relative shares of the total damages awarded. The trial court also conditionally awarded various amounts to HPSC as appellate attorneys' fees. Appellants argue that fee award must be reversed because HPSC did not put on evidence allocating its attorneys' fees among its claims against the various defendants, especially DMC Valley Ranch and DMC

Frisco. HPSC responds that it was not required to segregate its fees because it sued all of the defendants for essentially the same causes of action involving the same facts and elements.

We agree with appellants. "A party seeking attorney fees has a duty to segregate nonrecoverable fees from recoverable fees, *and to segregate the fees owed by different parties.*" *French v. Moore,* 169 S.W.3d 1, 17 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (emphasis added); *accord City of Austin v. Roberson,* No. 13–06–218–CV, 2008 WL 802315, at *3 (Tex. App.-Corpus Christi March 27, 2008, no pet.) (mem. op.) ("Generally, attorney's fees that are attributable to separate defendants and separate causes of action must be segregated."); *see also Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10–11 (Tex.1991) (if some defendants settle, remaining defendants may not be assessed fees attributable to settling defendants). HPSC sued DMC Valley Ranch and DMC Frisco on separate finance agreements. It sued the other appellants on separate guaranty agreements. Thus, HPSC had to prove different facts to recover against DMC Valley Ranch from those it had to prove against DMC Frisco. It cannot recover the fees spent to prosecute its claims against DMC Valley Ranch from DMC Frisco, and vice versa. To recover against the guarantors, HPSC had to prove the underlying liabilities plus the additional facts necessary to establish the guaranty agreements, but it cannot recover the cost of developing those additional guaranty-claim facts from the primary obligors. Instead of segregating its fees among the various defendants or explaining why segregation should not be required, HPSC put on evidence only of its total attorneys' fees expended in the case as a whole. This was improper. *See gen-*

---

**3.** The italicized language was handwritten.

*erally Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 313–14 (Tex.2006). Moreover, no evidence supports the trial court's allocation of fees between DMC Valley Ranch and DMC Frisco.

We conclude that HPSC's proof did not conclusively prove the facts necessary to support the trial court's awards of attorneys' fees, so those awards must be reversed.

### III. Disposition

We reverse the trial court's judgment to the extent the court ordered appellants to take nothing on the new counterclaims they pleaded in their first supplemental answer and counterclaim. We also reverse the trial court's awards of damages and attorneys' fees against appellants. We affirm the remainder of the judgment and remand for further proceedings consistent with this opinion.