In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00073-CV
_____

NEW MILLENNIUM HOMES, INC., MICHAEL C. OWEN
AND TIFFANY OWEN, Appellants

V.

TEXAS COMMUNITY BANK, N.A., Appellee

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 10-03-03048 CV**

**MEMORANDUM OPINION**

Debtor, New Millennium Homes, Inc., and Guarantors, Michael C. Owen and Tiffany Owen, appeal a summary judgment granted to Lender, Texas Community Bank, N.A., based on a deficiency balance that remained on Debtor's note following the sale of the collateral securing the note. Debtor and Guarantors appeal, raising three issues: (1) the trial court failed to make a judicial determination of the deficiency and then denied their statutory right to an offset,

1

(2) the trial court failed to give appellants credits against the deficiency judgment for other alleged collateral as well as unfunded loan amounts, and (3) the trial court failed to consider the appellants' claim for additional credits, which they first raised by amended answer filed after the summary judgment hearing occurred.

We conclude that Debtor and Guarantors, through the loan documents governing Debtor's note, waived their right to a judicial determination and statutory offset based on the fair market value of the properties on which Lender foreclosed; therefore, the trial court properly used the foreclosure sales price in calculating the deficiency. We further conclude the trial court did not err in refusing to consider Debtor's and Guarantors' additional offset claims. Debtor's and Guarantors' additional offset claims were not before the court on the date of the summary judgment hearing, and Debtor and Guarantors failed to obtain the trial court's permission to file their amended answer.

In 2009, Lender loaned Debtor $797,486.56. Debtor's president, Tiffany Owen, signed a promissory note and a deed of trust to secure the 2009 loan.[1] Each of the Guarantors, in a separate agreement, guaranteed Debtor's payment of the 2009 note. In 2010, after Debtor and Guarantors defaulted on their respective

---

[1]In 2008, Debtor obtained another loan, secured by another deed of trust, granting Lender a continuing security interest in a separate tract also sold at foreclosure.

contracts, Lender foreclosed on the properties securing the 2009 loan. Lender, the sole bidder at the foreclosure sale, purchased the properties for $465,010.00. The trial court used the foreclosure sales price in calculating the net amount that Debtor and Guarantors owed Lender.

"We review a summary judgment de novo." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The party filing a traditional motion for summary judgment has the burden to show that no genuine issue of material fact exists and that it, as the party moving for summary judgment, is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort*, 289 S.W.3d at 848. When a plaintiff moves for a traditional summary judgment, the plaintiff has the burden to conclusively prove all elements of its claims as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). In resolving whether the movant met its burden to establish that it was entitled to have the trial court grant its traditional motion for summary judgment, we resolve every reasonable inference in favor of the non-movant and take all evidence favorable to the non-movant as true. *See Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

In their first issue, Debtor and Guarantors argue the trial court failed to determine the fair market value of the properties sold at foreclosure and then failed

to calculate the deficiency using the fair market value of the properties sold. *See* Tex. Prop. Code Ann. § 51.003(b), (c) (West 2007).[2] Lender contends that the loan documents governing the 2009 note contain provisions that waive the right that Debtor and Guarantors claim they had to a statutory fair market value determination and offset of their deficiency.

When construing a written contract, a court is to determine and give effect to the intent of the parties as expressed in the instrument. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). Terms in a written contract are given "their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense." *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996). "'If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of

---

[2]With respect to a foreclosure involving real property, section 51.003 of the Texas Property Code allows a lender to seek a deficiency judgment calculated by using the foreclosure sales price. *See* Tex. Prop. Code Ann. § 51.003 (West 2007). In proceedings governed by section 51.003, the borrower may request the trial court to determine the fair market value of the real property as of the date of foreclosure. *Id.* § 51.003(b). If the fair market value exceeds the sales price at the foreclosure sale, the borrower is entitled to an offset of the excess of the fair market value against the deficiency. *Id.*§ 51.003(c). If no competent evidence of fair market value is introduced, or if no request to determine the fair market value is made, the sales price at the foreclosure sale shall be used to compute the deficiency. *Id.*

law.'" *Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (quoting *Coker*, 650 S.W.2d at 393).

The February 2009 Deed of Trust[3] includes the following provision:

7.8    WAIVER OF DEFICIENCY STATUTE.

(a)  In the event an interest in any of the mortgaged property is foreclosed upon pursuant to a judicial or nonjudicial foreclosure sale, grantor agrees as follows, notwithstanding the provisions of sections 51.003, 51.004, and 51.005 of the Texas Property Code (as the same may be amended from time to time), and to the extent permitted by law, grantor agrees that beneficiary shall be entitled to seek a deficiency judgment from grantor and any other party obligated on the note equal to the difference between the amount owing on the note and the amount for which the mortgaged property was sold pursuant to judicial or nonjudicial foreclosure sale. Grantor expressly recognizes that this section constitutes a waiver of the above-cited provisions of the Texas Property Code which would otherwise permit grantor and other persons against whom recovery of deficiencies is sought or guarantor independently (even absent the initiation of deficiency proceedings against them) to present competent evidence of the fair market value of the mortgaged property as of the date of the foreclosure sale and offset against any deficiency the amount by which the foreclosure sale price is determined to be less than such fair market value. Grantor further recognizes and agrees that this waiver creates an irrebuttable presumption that the foreclosure sale price is equal to the fair market value of the mortgaged property for purposes of calculating deficiencies owed by grantor, guarantor, and others against whom recovery of a deficiency is sought.

---

[3]Section 37(a) of the April 2008 Deed of Trust and sections 32 of the Guaranty Agreements also include similar provisions waiving the application of section 51.003 as well as other specific provisions of the Texas Property Code.

5

The Guaranty Agreements at issue also contain provisions stating that Guarantors waived, "any and all rights under Sections 51.003, 51.004 and 51.005 of the Texas Property Code and any amendments, recodifications, supplements, or any successor statute or law of or to any such statute or law."

In several appeals challenging deficiency judgments, our sister courts have enforced provisions contained in loan documents as a waiver of the debtor's right to a judicial determination of a property's fair market value, a right granted by the Property Code. *See Interstate 35/Chisam Rd., L.P. v. Moayedi*, 377 S.W.3d 791, 795-802 (Tex. App.—Dallas 2012, pet. filed); *Tran v. Compass Bank*, No. 02-11-00189-CV, 2012 Tex. App. LEXIS 323, **2-7 (Tex. App.—Fort Worth Jan. 12, 2012, no pet.) (mem. op.); *Kelly v. First State Bank Cent. Tex.*, No. 03-10-00460-CV, 2011 Tex. App. LEXIS 10241, **21-27, *32 (Tex. App.—Austin Dec. 30, 2011, pet. granted, judgm't vacated w.r.m.); *Segal v. Emmes Capital, L.L.C.*, 155 S.W.3d 267, 277-81 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd).

Although the Debtor's and Guarantors' response to Lender's motion for summary judgment asserts a right to a judicial determination of the fair market value in assessing their deficiency, they do not address the provisions of their respective contracts waiving those rights. Also, Debtor's and Guarantors' brief fails to address why the waiver provisions should not be enforced.

6

Although Debtor and Guarantors argue the deficiency judgment failed to account for the fair market value of the properties sold at foreclosure, if the sale was legally and fairly made, a claim that the consideration received was inadequate is generally not sufficient to justify a decision to set aside a trustee's sale. *See Am. Sav. & Loan Ass'n v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975). Neither Debtor nor Guarantors question Lender's power or right to foreclose, nor do they suggest any irregularity in the foreclosure proceedings. Additionally, if the sale is conducted fairly and in accord with the deed of trust, a mortgagee may purchase the property at the sale. *See Donaldson v. Mansel*, 615 S.W.2d 799, 802 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Skeen v. Glenn Justice Mortg. Co., Inc.*, 526 S.W.2d 252, 256 (Tex. Civ. App.—Dallas 1975, no writ). The deeds of trust at issue allowed Lender to purchase the properties at issue.

Because Debtor and Guarantors waived their statutory right to a judicial determination of the fair market value of the properties sold at foreclosure, the deficiency "is calculated by subtracting the foreclosure sale price, not the fair market value, from the amount owed under the note." *See Provident Nat'l Assurance Co. v. Stephens*, 910 S.W.2d 926, 929 (Tex. 1995). Debtor and Guarantors waived their statutory appraisal rights; thus, they were not entitled to a

7

judicial determination of the fair market value of the properties sold at foreclosure. We overrule issue one.

In their second issue, Debtor and Guarantors contend that material issues of fact exist regarding whether they were entitled to credits against the deficiency judgment for other collateral allegedly pledged in the notes as well as unfunded loan amounts for which the judgment did not give them credit. An allegation about a right to these offsets was first raised in an amended answer filed three days after the summary judgment hearing, held on December 30, 2011. In issue three, Debtor and Guarantors argue that the trial court should have considered their additional claims to offsets because Lender failed to claim surprise when the amended answer was filed. We conclude the trial court was not required to consider these new matters because they were not properly raised by a timely filed amended pleading.

A party may amend its pleadings without leave of court up to seven days before a summary judgment hearing. Tex. R. Civ. P. 63; *Goswami v. Metro. Sav. and Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988) (holding that a "summary judgment proceeding is a trial within the meaning of Rule 63"); *see also Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) (applying Rule 63 to amendment filed before summary judgment hearing). For pleadings filed within the seven-day period, leave of court may be presumed if the summary judgment

order "states that all pleadings were considered, and when . . . the record does not indicate that an amended pleading was not considered, and the opposing party does not show surprise." *Cont'l Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 276 (Tex. 1996). No presumption applies, however, when a party files an amended pleading after the summary judgment hearing occurred, but before the judgment is signed, unless the record affirmatively shows that the trial court granted leave. Tex. R. Civ. P. 166a(c) (instructing that pleadings will be considered if filed after summary judgment hearing but before judgment "with permission of the court"); *9029 Gateway S. Joint Venture v. Eller Media Co.,* 159 S.W.3d 183, 187 (Tex. App.—El Paso 2004, no pet.) ("In this circumstance, we assume leave has been denied unless the record affirmatively reflects that the court granted leave."); *see also DMC Valley Ranch, L.L.C. v. HPSC, Inc.*, 315 S.W.3d 898, 902-03 (Tex. App.—Dallas 2010, no pet.); *Mensa-Wilmot v. Smith Int'l, Inc.*, 312 S.W.3d 771, 778-79 (Tex. App.—Houston [1st Dist.] 2009, no pet.). "Failure to obtain leave waives the newly pleaded issues." *DMC Valley Ranch*, 315 S.W.3d at 903; *see also Mensa-Wilmot*, 312 S.W.3d at 778-79.

The record reflects that the summary judgment hearing occurred before Debtor and Guarantors filed their amended answer. The record does not contain an order giving Debtor and Guarantors permission to amend their answer, nor does

9

the record reflect that Debtor and Guarantors asked the trial court for permission to amend their answer after the summary judgment hearing. Because the record shows that Debtor and Guarantors failed to obtain the trial court's permission to raise new defenses and reflects that the amended answer was filed after the date of the summary judgment hearing, the additional defenses the amended answer attempts to raise were waived. *See Mensa-Wilmot*, 312 S.W.3d at 778-79.

We conclude the trial court was not required to consider the additional defenses that are raised in Debtor's and Guarantors' untimely amended answer. Issues two and three are overruled. We affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice


Submitted on November 6, 2012
Opinion Delivered February 21, 2013
Before Gaultney, Kreger, and Horton, JJ.