**Affirmed in part, Reversed and remanded in part and Opinion Filed June 5, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-11-01527-CV
_____

**DMC VALLEY RANCH, L.L.C., DMC FRISCO, L.L.C, MARC A. WILSON,
AND DANIEL P. MCDONALD, Appellants**

**V.**

**HPSC, INC., Appellee**

### On Appeal from the 162nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-07-14983

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

DMC Valley Ranch, L.L.C, DMC Frisco, L.L.C., Marc Wilson, and Daniel McDonald appeal the trial court's order granting summary judgment in favor of HPSC, Inc. In two issues, appellants contend the trial court erred by granting summary judgment because HPSC failed to plead or prove the disposition of the collateral was commercially reasonable, appellants raised fact issues about HPSC's claim for attorney's fees, and HPSC failed to prove the reasonableness of appellate attorney's fees. We affirm in part and reverse in part.

In November 2005, HPSC and DMC Valley Ranch entered into finance and security agreements. According to the terms, HPSC agreed to lend DMC Valley Ranch funds which were used to buy equipment for a medical practice. In return, DMC Valley Ranch granted HPSC a security interest in all of its property and fixtures. In June 2006, HPSC and DMC Frisco

entered into a similar agreement; after the parties signed finance and security agreements, HPSC lent DMC Frisco money to buy equipment for a medical practice, and DMC Frisco granted HPSC a security interest in all of its property and fixtures. Wilson and McDonald (and another individual not part of this appeal) signed a personal guaranty of DMC Valley Ranch's obligations as well as those of DMC Frisco, guaranteeing payment to HPSC. When DMC Valley Ranch and DMC Frisco defaulted on their agreements, HPSC sued appellants.

After appellants filed their answer, HPSC filed a motion for summary judgment. Appellants filed an amended answer and sought declaratory relief. On April 28, 2008, the trial court held a hearing on HPSC's summary judgment motion. In June 2008, HPSC filed a supplemental motion for entry of final summary judgment. Three weeks later, appellants filed an amended answer, asserting four counterclaims, along with objections and responses to HPSC's motion for entry of final summary judgment. HPSC filed a second motion for entry of judgment, followed by appellants' response to the same. Following a hearing on August 13, 2008, the trial court granted summary judgment in favor of HPSC.

Appellant filed an appeal with this Court, raising several issues. We concluded appellants' July 1, 2008 counterclaims were properly before the trial court but that HPSC's motion for summary judgment did not address them. We also concluded the affidavit of appellants' expert, Jim Townsend, raised a fact issue on the value of the collateral and HPSC failed to put on evidence allocating its attorney's fees among the claims against DMC Valley Ranch and DMC Frisco. We reversed the trial court's judgment to the extent it ordered appellants take nothing on the "new counterclaims they pleaded in their first supplemental answer and counterclaim" and to the extent it awarded damages and attorney's fees but affirmed the remainder of the summary judgment. *See DMC Valley Ranch, L.L.C. v. HPSC, Inc.*, 315 S.W.3d 898, 904−07 (Tex. App.—Dallas 2010, no pet.).

After the case was remanded to the trial court, HPSC filed a post-appeal motion for summary judgment. In the motion, HPSC stated it accepted the independent valuation of the collateral presented by appellants' expert, Townsend and, in light of this, appellants' counterclaims failed because they could not, as a matter of law, present proof of damages. HPSC also moved on the ground that it had segregated attorney's fees among the five defendants, providing an affidavit in support of the claim. Appellants filed a response, alleging a fact issue existed as to valuation of the collateral, HPSC failed to establish the sale of collateral was conducted in a commercially reasonable sale, and the amount of attorney's fees was not reasonable or necessary. On August 4, 2011, the trial court granted summary judgment in favor of HPSC. This appeal ensued.

In their first issue, appellants claim summary judgment was improper because HPSC did not prove the collateral sale was conducted in a commercially reasonable manner.

To succeed in a traditional motion for summary judgment, the movant must establish there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). In reviewing a summary judgment, we consider the evidence in the light most favorable to the nonmovants and resolve any doubt in their favor. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

Although commercial reasonableness is not precisely defined in the Texas Business and Commerce Code, courts consider various factors to evaluate the commercial reasonableness of a disposition of collateral, including whether the secured party endeavored to obtain the best price possible, whether the sale was private or public, the condition of the collateral and any efforts made to enhance its condition, the advertising undertaken, the number of bids received, and the method employed in soliciting bids. *Jantzen v. Am. Nat'l Bank of Tex., N.A.*, 300 S.W.3d 412, 415-16 (Tex. App.—Dallas 2009, no pet.). As these factors imply, commercial reasonableness

is a fact-based inquiry requiring a balance of two competing policies—protecting debtors against creditor dishonesty and minimizing interference in honest dispositions. *See Pruske v. Nat'l Bank of Commerce of San Antonio,* 533 S.W.2d 931, 937 (Tex. Civ. App.—San Antonio 1976, no writ). The inquiry's ultimate purpose, however, is to ensure the creditor realizes a satisfactory price. *Regal Fin. Co. v. Tex Star Motors, Inc.*, 355 S.W.3d 595, 602 (Tex. 2010).

In his affidavit, Townsend provides a valuation of the collateral. Appellants filed Townsend's affidavit, challenging HPSC's expert's valuation of the collateral. After remand, HPSC filed its post-appeal motion for summary judgment and accepted Townsend's independent valuation of the collateral. By presenting Townsend's affidavit and testimony, appellants effectively conceded his valuation of the collateral was commercially reasonable and, therefore, represented a "satisfactory price." We overrule appellants' first issue.

In their second issue, appellants contend the trial court erred by awarding attorney's fees because appellants filed a controverting affidavit and HPSC did not offer any evidence that its appellate attorney's fees were reasonable or necessary. An attorney's affidavit can establish reasonable attorney's fees on a motion for summary judgment. *Am. 10–Minute Oil Change, Inc. v. Metro. Nat'l Bank*, 783 S.W.2d 598, 602 (Tex. App.—Dallas 1989, no writ). However, the nonmovant may raise a fact issue by filing an affidavit of an attorney contesting the reasonableness of the movant's attorney's affidavit. *Id*.

HPSC filed a four-page affidavit in support of attorney's fees. In response, appellants filed the affidavit of their attorney, Craig Henderson, who stated:

> Plaintiff should not be entitled to attorneys' fees for unsuccessful motions or proceedings that were reversed on appeal. Moreover, it was unreasonable to have seven attorneys on the file. Finally, [HPSC's attorney] does not reference or attach any billing statements that were relied upon. Therefore, the fees sought by Plaintiff ($46,019.50) are unreasonable and unnecessary.

–4–

We conclude Henderson's affidavit was sufficient to raise a fact issue on both the amount and the reasonableness of the attorney's fee award.  Therefore, the trial court erred by awarding attorney's fees.  *See Affordable Motor Co. v. LNA, LLC*, 351 S.W.3d 515, 522 (Tex. App.—Dallas 2011, pet. denied) (attorney's affidavit opining that fees requested were excessive sufficient to raise material fact issue); *Gen. Specialties, Inc. v. Charter Nat'l Bank−Houston*, 687 S.W.2d 772, 774 (Tex. App.—Houston [14th Dist.] 1985, no writ) (attorney's affidavit controverting reasonableness and amounts charged sufficient to raise material fact issue). Because the trial court's award of appellate attorney's fees was conditioned on an unsuccessful appeal, we need not address appellants' complaint that insufficient evidence supported the award.  We sustain appellants' second issue.

We reverse the trial court's summary judgment to the extent it awarded attorney's fees. In all other respects, we affirm the trial court's summary judgment.


111527F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DMC VALLEY RANCH, L.L.C., DMC
FRISCO, L.L.C, MARC A. WILSON, AND
DANIEL P. MCDONALD, Appellants

No. 05-11-01527-CV      V.

HPSC, INC., Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-07-14983.
Opinion delivered by Justice Francis,
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the trial court's summary judgment is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's summary judgment to the extent it awarded attorney's fees. In all other respects, the trial court's summary judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered June 5, 2014

/Molly Francis/

MOLLY FRANCIS
JUSTICE