# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00115-CV

**David Long, Appellant**

**v.**

**Dianne Yurrick, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 205,818-D, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## O P I N I O N

The central issue presented in this appeal is whether a trial court erred in granting a no-evidence summary-judgment motion one day before the previously scheduled hearing on the motion when the non-movant had failed to file either a response or objections to the motion before the deadline for doing so. Under the circumstances here, we conclude there was no reversible error.

Appellant Long and appellee Yurrick were involved in a relationship that did not end well and left in its wake disputes regarding ownership of various assets. Long sued Yurrick, initially alleging the existence of a common-law marriage and petitioning for a divorce and property division. After the district court dismissed these claims on a finding that no marriage existed, Long asserted claims for damages under causes of action for breach of contract or unjust enrichment, breaches of fiduciary duties, fraud, conversion, and intentional infliction of emotional distress. After these claims had been pending almost three years, on September 8, 2009, Yurrick filed a no-evidence

summary-judgment motion challenging whether evidence supported one or more elements of each of Long's causes of action. The certificate of service attached to the motion reflects that Yurrick served the motion on September 3, 2009, via certified mail to Long's counsel.

By order dated October 28, 2009, the district court set a hearing on Yurrick's motion for Wednesday, November 18, 2009—exactly 21 days thereafter—at 1:30 p.m. On the same day, the court faxed notice of the hearing to Long's attorney. The deadline for Long to file and serve a response to Yurrick's motion—Thursday, November 12 (extended one day because the 11th was Veterans Day)—passed without Long either responding or objecting to the motion. *See* Tex. R. Civ. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."); *see also id.* R. 4 (in determining the deadline, "[t]he last day of the period . . . is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday.").

On the morning of Tuesday, November 17, 2009—the day before the scheduled summary-judgment hearing—Yurrick's counsel faxed a letter to the district court pointing out that Long had neither responded nor objected to Yurrick's no-evidence motion by the response deadline. Yurrick emphasized that under the no-evidence summary-judgment rule, the district court was required to "grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." Tex. R. Civ. P. 166a(i). As the district court was already required to grant the motion by virtue of Long's failure to respond, and the parties could not present live testimony at the hearing, Yurrick urged that the scheduled summary-judgment hearing on the

following day was unnecessary.  Instead, Yurrick suggested, the district court could proceed to grant the motion, thereby saving the court's time and Yurrick's counsel (who is based in Lubbock) a long trip to Bell County.

The letter prompted the district court to arrange what the court and parties alternatively term a "conference" or "hearing" that same afternoon with Long's counsel (a Killeen lawyer who happened to be at the Bell County courthouse on other matters) and Yurrick's counsel, who participated by telephone.  The record indicates that the proceeding had begun in chambers but ultimately was moved to the courtroom, where a court reporter began transcribing it.  Yurrick urged that Long's failure to file a response made it mandatory and inevitable at that juncture that the district court would grant her no-evidence summary-judgment motion.  Long did not dispute that he had not filed a response nor objected to Yurrick's motion by his response deadline—and still had not—nor had he sought leave to file a late response or previously moved for a continuance of the hearing.  Instead, Long attempted to justify his failure to file a response by asserting (and it appears undisputed) that there had been a trial setting in the case scheduled on the same day as the summary-judgment hearing, but at an earlier hour.  "Relying on those notices and those settings," Long reasoned that it would have been unnecessary and "a waste of time" to file a response to Yurrick's no-evidence motion "because trial will have started and concluded before the summary judgment is heard."  In the alternative, "if the court is inclined to even entertain the no evidence motion for summary judgment," Long orally requested a continuance "so we can supply the court with the evidence to oppose the no evidence motion for summary judgment."  Long later added that "we have been unduly surprised and prejudiced by the idea of having to hear the no evidence

3

motion for summary judgment prior to its setting." Long further indicated his readiness to go to trial the following morning. In reply, Yurrick emphasized the requirements of rule 166(a)(i) and the consequences of a non-movant failing to file a response.

After hearing argument, the district court granted Yurrick's no-evidence motion, signing an order to that effect, and orally denied Long's request for a continuance. Long subsequently filed a motion for new trial, which was denied by written order following a hearing, and then appealed.

On appeal, Long does not assert that the district court abused its discretion in denying his oral motion for continuance. Similarly, Long does not contend that he was entitled to leave to file a late response; indeed, there is no indication in the record that he ever requested such leave or filed a late response. Instead, Long relies on the complaint that he did not receive proper notice of the November 17, 2009 "summary-judgment hearing."[1] In his first issue, Long argues that this asserted failure violated Texas Rule of Civil Procedure 166a. Assuming without deciding that

---

[1] In one portion of his brief, Long also seems to complain that he did not receive a full 21 days' notice of the originally scheduled November 18, 2009 summary-judgment hearing because the district court served notice of the hearing by fax on October 28. Applying rule 21a's proviso that "[w]henever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail or by telephonic document transfer, three days shall be added to the prescribed period," Tex. R. Civ. P. 21a, Long reasons, "[t]he earliest possible date Appellee's no evidence motion for summary judgment could have been set for hearing would have been November 21, 2009," a Saturday, making the earliest proper hearing date the following Monday, November 23. *See id.* R. 4. As Yurrick points out, however, there is no indication in the record that Long ever raised this complaint in the district court, *see* Tex. R. App. P. 33.1(a), and, to the contrary, the reporter's record from the November 17 proceeding reflects that Long conceded the timeliness of notice of the November 18 hearing. Additionally, even assuming that the proper hearing date for the summary-judgment motion was Monday, November 23, it remains that Long had still failed to file a response by seven days prior to that date, November 16.

the district court's decision to grant the motion one day early violated rule 166a, Long has not shown any harm from the error. Rule 166a(i), as previously noted, placed the burden on Long to file and serve a response not later than seven days prior to the summary-judgment hearing. He undisputedly did not do so—and never did so—nor has he preserved any complaint that he should have been entitled to do so after that deadline. In short, as matters stood as of the November 17, 2009 conference or hearing, the district court was already obligated to "grant the motion." *See* Tex. R. Civ. P. 166a(i). In his appeal, Long does not suggest how the result would have been any different if the district court had only waited until the following day to rule. *See* Tex. R. App. P. 44.1(a)(1). We overrule Long's first issue.

In his second issue, Long argues that this "lack of timely, adequate notice" deprived him of his procedural due-process rights "to be heard." Due process requires, at a minimum, notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Texas Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 363 (Tex. App.—Dallas 2009, pet. denied). Long had both.

Due process does not require an oral hearing on a motion for summary judgment, but notice of hearing or submission of the motion is required. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (per curiam). The reason that notice of hearing or submission of the motion is mandatory is because the hearing date determines the time for response to the motion. *Id.* The Texas Rules of Civil Procedure contemplate that a party may be required to file a response to a motion for summary judgment in as little as fourteen days from the time he is served with the opposing party's motion. *See* Tex. R. Civ. P. 166a(c); *Reedy v. Webb*, 113 S.W.3d 19, 26

5

(Tex. App.—Tyler 2002, pet. denied). As of the district court's November 17, 2009 ruling, Long had been provided twenty days from the date of the district court's hearing notice to file a response to a no-evidence motion with which he had been served over seventy days earlier. We conclude that Long had a reasonable opportunity to respond to Yurrick's motion and was not deprived of notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Cf. Texas Integrated Conveyor Sys., Inc.*, 300 S.W.3d at 362-65 (holding non-movant deprived of due process when court granted summary judgment before response was due based on scheduled hearing date). Moreover, the record reflects that any injury to Long resulted not from the lack of a reasonable opportunity to respond, but from a calculated decision not to respond in the view that a response was unnecessary. We overrule Long's second issue.

Having overruled Long's issues on appeal, we affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: August 25, 2010