Opinion issued
January 12, 2012.



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-09-00679-CV

———————————

Stephen P. Glover, Appellant

V.

Robert
W. Berleth, Appellee



 



 

On Appeal from the 152nd
District Court

Harris County, Texas



Trial Court Case No. 2008-39595

 



 

 

MEMORANDUM
OPINION

 

          Stephen
Glover appeals the trial court’s rendition of summary judgment in favor of
Robert Berleth.  Berleth sued Glover for
rescission of a contract, seeking the return of payments Berleth made to
Glover, and a declaratory judgment that Glover had no rights under the
contract.  The trial court granted
Berleth’s motion for summary judgment, declaring the contract void, awarding
damages of $23,784, attorney’s fees of $2,000, and pre- and post-judgment
interest.  In four issues, Glover
contends that the trial court erred by (1) holding a summary judgment hearing
without affording Glover adequate notice, in violation of his right to due
process and (2) rendering summary judgment based on inadmissible summary
judgment evidence.  We conclude that
Glover was not afforded reasonable notice of the summary judgment hearing.  Accordingly, we reverse and remand.

Background

          In
December 2005, Glover and Berleth entered into a two-page “Purchase and
Exchange Agreement.”  The agreement
stated that it was intended to accomplish “a trading of partial ownership” in
Glover’s and Berleth’s independent businesses to “accomplish a diversification
of business interests for both parties.”  
Specifically, Berleth agreed to transfer to Glover a one-third interest
in a real estate company and to pay Glover a down payment and ongoing monthly
payments.  For his part, Glover assigned
to Berleth a one-third interest in a “joint venture agreement and supplemental
agreement with Attorney Jules L. Laird, Jr.,” including a right of ownership in
one-third of all payments and sums due under those agreements.  These payments and sums were “for expert
services in bringing three massive land grant lawsuits to completion . . . .”  At the time Glover entered into the agreement
with Berleth, Glover was an attorney licensed in Texas but was on probation
with the Texas State Bar for misappropriating client funds.  Glover surrendered his law license the
following month and ultimately was imprisoned in the Texas Department of
Criminal Justice’s Stevenson Unit in Cuero, Texas, where he remained as of the
time he brought this appeal. 

          Berleth
brought this suit against Glover in 2008. 
Berleth alleged that the Purchase and Exchange Agreement was void or
voidable because the consideration given by Glover—a share in payments made to Glover
for “expert services”—was
actually an illegal promise to share attorney’s fees with a non-lawyer,
Berleth.  Berleth sought a declaration
that Glover had no rights under the agreement and asked for rescission of the
agreement, including return of $23,784 in payments he had made to Glover under
the agreement.  Berleth’s suit also
included a claim for $9,000 for disgorgement of attorney’s fees that he alleged
he paid to Glover.  

In response, Glover filed a
plea of privilege, plea in abatement, motion to transfer venue, motion to
dismiss, answer and general denial, and various counterclaims.  In his pleadings, Glover contended that the
Purchase and Exchange Agreement is enforceable and that Berleth breached it in
various ways.  Glover sought damages and
an accounting.  

On May 4, 2009, Berleth
filed a motion for summary judgment on his affirmative claims and Glover’s
counterclaims.  On the same day, he
served Glover by certified mail with the motion and notice of oral hearing,
which set the hearing date for June 12, 2009. 
The return receipt shows the motion for summary judgment and this
initial notice of hearing were received by the TDCJ-Stevenson Unit on May 7,
2009, more than a month before the original hearing date.  

On May 28, 2009, Berleth
filed and served Glover by certified mail with another notice of hearing.  This second notice indicated that the hearing
on Berleth’s motion for summary judgment had been postponed by a week and would
take place on June 19, 2009.  The return
receipt shows this parcel was received by the TDCJ-Stevenson Unit on June 1,
2009.  

On June 3, 2009, Berleth
filed and served on Glover a third notice of oral hearing.  This notice indicated that the hearing on
Berleth’s motion for summary judgment had been moved forward by eight days, to June 11, 2009.  The return receipt shows this notice was
received by TDCJ-Stevenson Unit on June 5, 2009, which was six days before the
new June 11 hearing date. 

Glover filed no response to
Berleth’s motion for summary judgment. 
The trial court granted the motion at the oral hearing on June 11,
2009.  It awarded Berleth $23,784, in
damages, plus attorney’s fees and pre- and post-judgment interest, and rendered
a take-nothing judgment on Glover’s counterclaims.  This appeal followed. 

Berleth contends that this
court lacks jurisdiction over Glover’s appeal because Glover’s notice of appeal
was not timely filed.  Specifically,
Berleth points out that Glover’s notice of appeal or other post-judgment motion
extending appellate timetables was due to be filed on July 13 but, in fact, his
motion for new trial was not file-stamped by the district clerk until July 14,
2009.  Berleth pointed out that the
appellate record contained no notice of appeal. 
The district court has since supplemented the record, and it now
reflects that Glover’s motion for new trial and notice of appeal were received
by the district clerk simultaneously at 3:37 p.m. on July 14, 2009.  We address our jurisdiction before turning to
the merits of Glover’s appeal.

Jurisdiction

           A notice of appeal “must be filed within 30 days after the
judgment is signed.”
 Tex.
R. App. P. 26.1.  Under the
mailbox rule, a document is deemed timely filed if it is sent to the proper
clerk by first-class mail in a properly addressed, stamped envelope on or
before the last day for filing and is received not more than ten days beyond
the filing deadline.  Tex. R. App. P. 9.2(b)(1); Ramos v. Richardson, 228 S.W.3d 671, 673 (Tex. 2007). 
Rule 9.2(b)(2) of the Texas Rules of Appellate Procedure, entitled
“Proof of Mailing,” identifies items that an appellate court will accept as
conclusive proof of the date of mailing, and expressly permits that an
appellate court may consider other proof.  Tex. R.
App. P. 9.2(b)(2).  The rule makes
clear that appellant bears the burden of providing some measure of proof that
his notice of appeal was placed in the United States mail on or before the
filing deadline.  Ramos, 228 S.W.3d at 673.

Applying the rules to this case, Glover’s notice of
appeal was due 30 days after June 11, on July 11.  See Tex. R. App. P. 26.1.  That was a Saturday, so the deadline for Glover to file his
notice of appeal was extended to Monday, July 13, 2009.  See
Tex.
R. App.
P. 4.1.  The notice of appeal was file-stamped by the district
clerk one day after that, on Tuesday, July 14, 2009.[1]  Thus, under the mailbox rule, Glover’s notice
of appeal would have been timely filed if he had placed it in the outgoing
prison mailbox on July 13.  Ramos, 228 S.W.3d at 673; Warner v. Glass, 135 S.W.3d 681, 684
(Tex. 2004) (holding pro se inmate’s civil petition placed in a properly
addressed and stamped envelope is deemed filed at the moment prison authorities
receive the document for mailing).

          Although the
record does not contain proof of the date of mailing that is considered
conclusive under Rule 9.2, the affidavit and cover letter filed simultaneously
with Glover’s notice of appeal both are dated July 8, 2009.  It is unclear when Glover placed his notice
of appeal in the outgoing prison mailbox, or when prison officials placed it in
the United States mail, but because they were received by the district clerk on
July 14, it is logical to assume they were placed in the mail, as was required
under the rules, on or before July 13, 2009.[2]  Ramos,
228 S.W.3d at 673 (holding filing letter and certificates of service
accompanying petitioners’ notices of appeal constituted sufficient proof that
inmate’s notice of appeal were timely placed in outgoing prison mailbox and
commenting that “it is logical to assume” that notices of appeal received by
the clerk on one day were placed in the outgoing prison mail on the previous
day, at the latest).  We conclude that
Glover’s notice of appeal was timely filed and that we therefore have
jurisdiction over his appeal.  See Ryland Enterprise, Inv. v.
Witherspoon,
No. 11-0189, 2011
WL 6276127, at *1 (Tex. Dec. 16, 2011); see
also Verburgt v. Dorner,
959 S.W.2d 615, 616 (Tex. 1997) (“[A]ppellate courts should not dismiss an
appeal for a procedural defect whenever any arguable interpretation of the
Rules of Appellate Procedure would preserve the appeal.”); Ramos, 228 S.W.3d at 673.

Did Glover Get Adequate
Notice of the Summary Judgment Hearing?

          In his first
issue, Glover contends that the trial court erred by rendering summary judgment because
Glover had inadequate notice of Berleth’s summary judgment hearing.  In response, Berleth contends that Glover
received adequate notice that his response was due seven days before the
hearing, on June 5.  Berleth also
contends that Glover waived any late-notice complaint by failing to object or
to seek leave to file a late response before the hearing.

Rule 166a requires service of the motion for summary
judgment at least twenty-one days before the date specified for a hearing on
the motion.  Tex. R. Civ. P.
166a(c).  Rule 21a extends the minimum
notice by three days when the motion is served by mail, allowing a summary
judgment motion to be heard as early as the twenty-first day after it is
served, or the twenty-fourth day if it is served by mail.  Lewis
v. Blake, 876 S.W.2d 314, 315–16 (Tex. 1994).  If the nonmovant received notice twenty-one
days before the original hearing, the twenty-one day requirement from notice to
hearing does not apply to a resetting of the hearing.  Lazare
v. Murillo, No. 01-05-00688-CV, 2006 WL 2773486, at *2 (Tex. App.—Houston
[1st Dist.] Sept. 28, 2006, pet. denied) (citing  LeNotre v. Cohen, 979 S.W.2d 723, 726 (Tex.
App.—Houston [14th Dist.] 1998, pet. denied)). 
Rather, a party need only give reasonable notice that a hearing on a
summary judgment has been rescheduled.  Id. 
“Reasonable notice means at least seven days before the hearing.”  Id.


Berleth correctly notes that Glover received adequate
notice of the original summary judgment hearing, which was to take place on
June 12, 2009.  Berleth also correctly
notes that, had the hearing date not been moved, Glover would have been
required to file a response on or before June 5.  But the hearing date was moved and, once
Glover received the second notice rescheduling the hearing to June 19, June 5 was
no longer the deadline for him to file a response.  Rather, once the hearing was rescheduled for
June 19, Glover had until June 12—seven days before the
rescheduled hearing—to file a response. 
But the hearing was rescheduled again—this time it was moved forward to June 11, which was one day before the original hearing date.  And Glover’s verified motion for new trial
states that, due to delays occasioned by the TDCJ’s legal mail procedures, he
received the third notice of hearing on June 8, which was three days before the
hearing.  We conclude Glover did not
receive reasonable notice of the June 11 hearing.[3]  Lazare,
2006 WL 2773486 at *2 (citing LeNotre, 979 S.W.2d at 726) (“Reasonable notice means at least seven
days before the hearing.”).

          Berleth contends that Glover waived
any late-notice complaint by not raising the issue until his motion for new
trial.  In support, Berleth cites Hatler
v. Moore Wallace N. Am., Inc., No. 01-07-00181-CV, 2010 WL 375807 (Tex.
App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) and Long v.
Yurrick, 319
S.W.3d 944 (Tex. App.—Austin 2010, no pet.). 
Both are distinguishable.  In
Hatler, this court held that Hatler
failed to preserve his late-notice complaint where he raised the issue for the
first time in his motion for new trial. 
2010 WL 375807 at *2.  Hatler
received 21 days’ notice of the hearing, but waited until he filed a motion for
new trial to complain that he should have received an extra three days’
notice.  A panel of this court found that
Hatler failed to preserve the complaint because he had “ample time” to raise it
or file a motion for continuance before the trial court granted the motion, but failed to do either.  Id.  The principle we articulated is that if a
nonmovant receives notice that is untimely but
sufficient to enable him to attend the summary judgment hearing, he must
file a motion for continuance or raise the late-notice complaint in writing,
supported by affidavit evidence.  Id. 
We also stated the nonmovant who has sufficient notice to enable him to
attend the hearing should raise the issue before the trial court at the hearing
and may not preserve a complaint that he received late notice in a post-trial
motion.  Id.  Hatler does not compel the conclusion Glover failed to preserve his
late-notice complaint because Glover, unlike Hatler, did not have sufficient
notice to enable him to attend or file an objection or motion for continuance
before the hearing.  

          Long v.
Yurrick is
inapplicable for the same reason.  In
that case, the trial court set a hearing date and faxed a notice of hearing to
Long’s attorney, which provided exactly 21 days’ notice of the hearing
date.  319 S.W.3d at 946.  The hearing was never rescheduled, but, on
the day before the hearing date, the movant notified the court that the Long
had failed to respond to the no-evidence motion, and that the court was
therefore required by Rule 166a(i) to grant the motion.  Id.  The trial court granted the motion on that
day.  Id.
at 947.  On appeal, the Austin Court of
Appeals concluded that Long was not deprived of notice and an opportunity to
respond, and that any injury to Long resulted not from the lack of an
opportunity to respond but from a calculated decision not to respond in view of
the fact that he deemed a response unnecessary because the trial was set to
begin on the same day as the summary judgment hearing, but at an earlier
hour.  Id. at 948.  By contrast, the
record in this case demonstrates that Glover intended to file a response but
was deprived of a reasonable opportunity to do so because of the week-long
postponement of the hearing, which led him to believe he had until June 12 to
file a response, followed by Berleth’s decision to move the hearing date to a
date earlier than the date on which
the hearing initially was set.  The
record demonstrates Glover had less than three days’ notice of the June 11
hearing date and that he was unable, under those circumstances, to lodge
an objection or seek a continuance before the hearing.  We therefore conclude that Glover did not waive the
late-notice issue by raising it for the first time in his motion for new trial.

          We sustain Glover’s first issue.  Because we sustain this issue, we need not
address Glover’s remaining issues in which he asserts alternative grounds to
reverse and remand this cause.




 

Conclusion

          We reverse the judgment of the trial
court and remand this cause.

 

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel consists of Chief
Justice Radack and Justices Bland and Huddle.

 











[1]           The notice of appeal, motion for new
trial, and affidavit all bear a timestamp noting they were filed with the
district clerk at 3:37 p.m. on July 14, 2009. 
The affidavit states it was executed on July 8, and the cover letter
enclosing these items is dated July 8. 
The cover letter, however, bears a filestamp of July 15, 2009.





[2]           According
to Glover’s verified motion for new trial, pro se legal mail is mailed one to
two days after an inmate puts a filing in the outgoing legal mailbox. 





[3]           The
return receipt on the third notice of hearing shows it was received by TDCJ on
June 5, or six days before the hearing. 
Even if June 5, as opposed to June 8, were the date on which Glover was
deemed to have received notice of the hearing, Glover still would have received
less than the minimum seven days required.