# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00035-CV

**Lillian Myhand, Appellant**

**v.**

**Enterprise-Rent-A-Car Company of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
NO. 239081-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Lillian Myhand appeals a final no-evidence summary judgment against claims she asserted against appellee, Enterprise-Rent-A-Car Company of Texas (Enterprise),[1] and a final traditional summary judgment awarding Enterprise damages and attorney's fees on counterclaims it asserted against Myhand. We will affirm the district court's judgment.

## BACKGROUND

Myhand, acting pro se, sued Enterprise seeking $5,000 in damages under theories of breach of contract, intentional infliction of emotional distress, and alleged misuse of personal information that, according to Myhand, violated various statutes and was actionable as an invasion

---

[1] During the pendency of the litigation below, an entity known as EAN Holdings, LLC, succeeded to the interest of Enterprise Rent-A-Car Company of Texas. For convenience, we will also use "Enterprise" to refer, as relevant or applicable, to EAN.

of privacy. As the factual basis of her contract claim, Myhand alleged that she had "accepted a contract with Enterprise" whereby she would be provided a car paid for by "Travelers Insurance Company." Enterprise later "breached" this contract, Myhand complained, by seeking payment from her, and committed the other torts and statutory violations through its collection efforts and disclosure of her "bad debt" when subsequently refusing to rent cars to "friends of my family."

Enterprise answered and counterclaimed against Myhand for about $200 in rentals allegedly due under the rental contract, plus attorney's fees. It likewise filed a no-evidence motion for summary judgment challenging multiple elements of Myhand's theories of recovery. Enterprise set the motion for hearing on June 3, 2011, but the hearing was continued, at Myhand's request, until July 1, 2011.

Three days prior to the rescheduled summary-judgment hearing, Myhand filed an answer to Enterprise's counterclaim. Attached to Myhand's answer was what purported to be a copy of the first page of a rental agreement between Myhand and Enterprise. Myhand also filed, on the same day, a "Plaintiff's Motion to Show Proof of Evidence," requesting that the court "allow" evidence of the rental agreement "as proof as to who was to pay Enterprise."

During the hearing, the district court declined to grant leave either to consider Myhand's answer as a late-filed summary-judgment response or the attached page of the rental agreement as late-filed summary-judgment evidence. *See* Tex. R. Civ. P. 166a(c). Likewise Myhand attempted unsuccessfully to provide testimony to the district court in support of her claims, but ultimately conceded that she failed to present any affidavits or other evidence (aside from the untimely first page of the rental agreement) in opposition to Enterprise's motion. At the conclusion

2

of the hearing, the district court, "having determined that the Plaintiff did not timely file a Response or evidence in response," signed an order granting Enterprise's no-evidence motion for summary judgment against all of Myhand's claims.

Enterprise then filed a traditional motion for summary judgment on its counterclaims for contract damages and attorney's fees. In support of its motion, Enterprise attached an affidavit from its custodian of records proving up a series of documents reflecting the rental transaction between Enterprise and Myhand. These documents included a complete copy of the rental agreement and internal documents reflecting the rentals, charges, credits, and balances due. Of note, the rental agreement lists Myhand as "RENTER," and states:

> Renter expressly acknowledges that Renter and [Enterprise] are the only parties to this Agreement, notwithstanding that a vehicle may have been arranged by a third party; that a third party may pay for all or part of the rental bill; and/or that a third party may negotiate certain terms of the rental . . . .

The agreement further specifies that "Renter remains responsible for all charges not paid by the third-parties." Enterprise also attached an affidavit from its attorney to prove up its reasonable and necessary attorney's fees.

Myhand filed a response to Enterprise's traditional motion but did not present controverting summary-judgment evidence. Instead, she continued to insist that Travelers rather than she was the "original party to the contract" and owed any amounts due under the rental contract. Following a hearing, the district court signed a final judgment granting Enterprise's traditional motion for summary judgment and awarding it $205.89 in damages for unpaid rental charges and $10,170.51 for attorney's fees and expenses, plus post-judgment interest.

3

Myhand then filed a notice of appeal to which she attached additional evidence that, she claims, "would have been supplied during the hearing had it been discovered."

**ANALYSIS**

In her appellate brief, Myhand attempts to reargue her claims, but does not specifically assign error to any decision of the district court. We will liberally construe Myhand's briefing as, in substance, challenging Enterprise's entitlement to the two final summary judgments. *See* Tex. R. App. P. 38.9. But this does not mean that we can disregard the procedural requirements of Texas summary-judgment practice for Myhand's benefit. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.").

**No-evidence motion**

Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

4

A no-evidence motion for summary judgment must be granted if, after an adequate time for discovery, (1) the moving party asserts that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial, and (2) the non-movant fails to produce more than a scintilla of summary-judgment evidence raising a genuine issue of material fact on those elements. Tex. R. Civ. P. 166a(i). Enterprise's no-evidence summary-judgment motion challenged whether Myhand could present evidence of multiple specific elements of her theories of recovery. The sole evidence Myhand presented in opposition to Enterprise's motion was the first page of the rental agreement between the parties, which she filed less than seven days prior to the hearing and without leave of court. Consequently, the evidence came too late to be considered in opposition to Enterprise's motion. *See* Tex. R. Civ. P. 166a(c); *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996) (affidavit filed without leave of court two days before hearing was not part of summary-judgment record); *Saenz v. Southern Union Gas Co.*, 999 S.W.2d 490, 493 (Tex. App.—El Paso 1999, pet. denied) (response filed without leave of court four days before hearing was not part of summary-judgment record).[2] And leaving its timeliness aside, this page would be probative only of the existence of some sort of contract between Enterprise and Myhand but leaves unaddressed multiple other elements of her contract theory that were challenged by the motion. *See Long v. Yurrick*, 319 S.W.3d 944, 947-48 (Tex. App.—Austin 2010, no pet.); *see also Van Zandt v. Prescott Legal Search, Inc.*, No. 03-02-00132-CV, 2003 WL 158973, at *3 (Tex. App.—Austin Jan. 24, 2003, no pet.) (mem. op.) (copy

---

[2] The same is true of the documents that Myhand attached to her notice of appeal. Furthermore, we cannot consider these documents because they were not part of the trial court record at all.

of agreement, without any other summary judgment evidence, failed to raise genuine fact issues regarding remaining elements of breach of contract claim). Nor would the page overcome Myhand's burden as to the elements of her other theories. Accordingly, the district court did not err in granting Enterprise's no-evidence motion. *See Yurrick*, 319 S.W.3d at 948; *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.).

**Traditional motion**

The movant seeking a "traditional" summary judgment on its own claims for relief has the initial burden of presenting evidence that conclusively establishes each element of its cause of action. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). If the movant can do so, the burden shifts to the non-movant to present evidence raising a fact issue to avoid summary judgment. *See Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999).

To recover on its counterclaim for contract damages, Enterprise was required to prove (1) the existence of a valid contract; (2) its performance under the contract; (3) that Myhand breached the contract; and (4) damages sustained by Enterprise as a result of the breach. *C.W. 100 Louis Henna, Ltd. v. El Chico Rest. of Tex., L.P.*, 295 S.W.3d 748, 752 (Tex. App.—Austin 2009, no pet.). Proof of the same elements would likewise establish Enterprise's entitlement to attorney's fees as permitted by chapter 38 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2008).

To meet its initial summary-judgment burden, Enterprise relied on evidence that included a copy of the complete rental agreement between Myhand and Enterprise, previously

6

summarized, which states that Enterprise agreed to rent a car to Myhand in exchange for being paid in full for charges incurred in connection with the rental, including any rental fees not paid by a third-party insurance carrier. Enterprise also presented affidavit testimony and company records detailing the rental transaction, the cars rented by Myhand, and the amounts owed. This evidence indicated that Enterprise performed its obligations under the rental agreement by providing Myhand with three rental cars over a period of sixteen days at a rate of $25.24 per day, plus a fee of $24.00, and a motor vehicle tax of $42.78, for a total of $470.62. However, Enterprise credited Myhand's account in the amount of $264.73 for payments received from a third-party insurance carrier, leaving a balance of $205.89 that Myhand had refused to pay. Enterprise also attached to its motion for summary judgment an affidavit, prepared by its attorney of record, proving up reasonable and necessary fees.

We conclude that Enterprise's summary-judgment motion and evidence met its initial burden as to its claims for contract damages and attorney's fees, shifting the burden to Myhand to present evidence raising a genuine issue of material fact. Myhand offered no controverting summary-judgment evidence. To the extent she attempts to rely on her pleadings, they cannot constitute evidence, nor could any attempt by her to present testimony at the hearing. *See Zeifman v. Nowlin*, 322 S.W.3d 804, 808 (Tex. App.—Austin 2010, no pet.) ("It is well-settled that . . . pleadings are not competent summary judgment evidence." (citing *Laidlaw Waste Sys. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995))); Tex. R. Civ. P. 166a(c) ("No oral testimony shall be received at the hearing."). Nor do Myhand's legal arguments concerning the construction or effect of the rental contract have merit. Contrary to Myhand's assertions, the rental agreement lists her

as the "Renter," and explicitly states that the "Renter" and Enterprise "are the only parties to this Agreement, notwithstanding that a vehicle may have been arranged by a third party; that a third party may pay for all or part of the rental bill; and/or that a third party may negotiate certain terms of the rental . . . ."

In summary, viewing the summary-judgment evidence in the light most favorable to Myhand, we conclude that she failed to raise a genuine issue of material fact that would preclude Enterprise's entitlement to summary judgment on its claims for contract damages and attorney's fees. *See Rhône-Poulenc*, 997 S.W.2d at 222-23. Accordingly, we conclude that the district court did not err in granting Enterprise's traditional summary-judgment motion and awarding it those amounts. *See* Tex. R. Civ. P. 166a(c); *Urena*, 162 S.W.3d at 552.

## CONCLUSION

We affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Field

Affirmed

Filed:   March 1, 2013

8