# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00418-CV

---

### Jane Camille Gray, Appellant

### v.

### Matthew Alan Beck, as Independent Administrator of the Estate of Robert Ole Beck, Appellee

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY
### NO. 10838, RICHARD R. HICKS, III, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In the underlying case to determine heirship, appellant Jane Camille Gray opposed appellee Matthew Alan Beck's application to determine heirship and to be appointed the independent administrator of his father Robert Ole Beck's estate.[1]  Gray alleged that she was Robert's common-law wife.  *See* Tex. Fam. Code § 2.401(a)(2) (establishing elements of informal marriage).  The trial court granted Matthew's traditional and no-evidence summary-judgment motion on the issue of whether Robert and Gray had an informal marriage and denied Gray's opposition to Matthew's application.  On appeal, Gray challenges the trial court's order in seven issues.  For the reasons explained below, we affirm.

---

[1]  For clarity, we refer to the Becks by their first names.

## BACKGROUND

Robert and Gray met in April 2019 after Robert moved to Texas from California. According to Gray's and some of her witnesses' testimony, they began to live together in May 2019 on property that belonged to Gray and continued living together until Robert's death in December 2022.

Matthew lives in Nevada and his brother, Brian Michael Beck, lives in California. Gray attested, and Matthew does not dispute, that neither Matthew nor any of Robert's family members or California friends visited Robert while he lived in Texas.

Matthew filed his application to determine heirship in January 2023. On Matthew's motion, a few days later, the trial court appointed an attorney ad litem "to represent the interests of the unknown heirs and heirs suffering legal disability" of Robert. Gray filed her opposition to Matthew's application the next day.

In August 2023, Matthew filed a traditional and no-evidence summary-judgment motion. The motion was set for hearing on October 17, 2023. On October 16, 2023, Gray's attorney filed an emergency motion for continuance, an affidavit, and a motion for leave to file a summary-judgment response, as well as Gray's response with accompanying evidence. Gray's attorney attested that he had not received notice of the hearing.

On October 17, 2023, Matthew's counsel and the court-appointed attorney ad litem appeared in person and Gray's counsel, Gray, and Matthew appeared for the hearing by Zoom. After hearing from all the attorneys, the trial court granted Gray's motion for continuance.

On November 1, Gray filed a supplemental response to Matthew's summary-judgment motion and a "Motion to Preemptively Deny [Matthew's] Request to Deem [Gray's]

2

Admissions Admitted." The trial court issued a notice of hearing on December 8, 2023, setting Matthew's summary-judgment motion for hearing on February 2, 2024. On January 11, 2024, Matthew filed an amended summary-judgment motion. No new notice of hearing was issued.

On February 2, 2024, the trial court conducted a hearing on the summary-judgment motion and heard argument from both sides. The attorney ad litem also made a correction to a name in her report and clarified that her report was "a recitation of the interviews conducted, and what was said, as well as the documents read." The trial court signed an order the same day, stating that after considering Matthew's "First Amended Traditional and No-Evidence Motion for Summary Judgment," and "the pleadings, the response, and the arguments of counsel," the motion was granted. The trial court also denied and dismissed with prejudice to refiling Gray's opposition to Matthew's application to determine heirship and for letters of independent administration.

Gray's counsel moved to withdraw, and the trial court signed an order granting the withdrawal of counsel on February 12, 2024. On March 4, 2024, Gray's new counsel filed a motion for reconsideration and rehearing (or new trial) of the February 2, 2024 Order, arguing that the trial court should reconsider its order and grant a rehearing or new trial because (1) there was no notice for a hearing on Matthew's amended summary-judgment motion and (2) the trial court considered oral testimony at the February 2 hearing that was noticed for the original summary-judgment motion.[2] Matthew filed a response addressing Gray's due-process argument, asserting, among other things, that Gray had actual and constructive notice through her prior counsel that the amended motion would be heard and considered at the February 2 hearing, that

---

[2] We note that Gray's motion explained that Gray had been unable to obtain the expedited transcript of the February 2 motion that Gray requested and paid for on February 2, despite multiple communications to the court reporter before the March 4 motion was filed.

3

no new notice of hearing was required under Texas Rule of Civil Procedure 166a, and that the trial court did not allow oral testimony from live witnesses at the hearing.

On March 12, 2024, the trial court heard Matthew's application to determine heirship and Gray's motion for reconsideration and rehearing. On that same day, the trial court signed the orders denying Gray's motion and appointing Matthew independent administrator and a judgment declaring heirship, which included a finding that Robert was not married at the time of his death.

Also on that same day, Gray filed this appeal. On April 11, 2024, she filed in the trial court a motion for new trial and a motion for entry of ruling on her pending motions, seeking a written ruling on her November 2023 motion related to deemed admissions and what she described as a motion to exclude summary-judgment evidence that was included in her November 2023 supplemental summary-judgment response. On May 7, 2024, the trial court conducted a hearing on the motion for entry of ruling on the motions, and on May 14, it signed an order denying the motion for entry of ruling. Gray filed a motion to strike deemed admissions on May 24, 2024, and the trial court conducted a hearing on that motion and the motion for new trial on June 4, 2024. The trial court orally denied both motions at the hearing and signed an order denying the motion for new trial that day.

Gray amended her notice of appeal to inform this Court that she appeals from the orders denying her motion for reconsideration and rehearing, appointing independent administrator, and denying her motion for new trial, as well as the judgment declaring heirship.

## ANALYSIS

Gray challenges the trial court's order granting summary judgment against her and its determination of heirship and appointment of independent administrator in seven issues. Although she complains of a number of procedural errors, the central issue in this case is whether Gray presented evidence raising a fact issue on each of the three elements required to establish an informal marriage in response to Matthew's no-evidence motion. In her sixth issue, relying on *Hunter v. Ramirez*, 637 S.W.3d 858, 861 (Tex. App.—Houston [14th Dist.] 2021, no pet.), Gray argues that even if this Court were to determine that she had not filed a response to the amended motion, under the *Craddock* elements she is entitled to a new trial because her various responses to the original summary-judgment motion raise a meritorious defense to the amended summary-judgment motion. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939) (setting forth elements that must be established to obtain new trial after default judgment); *Hunter*, 637 S.W.3d at 861 (applying *Craddock* elements to summary judgment granted against party who did not file response to summary-judgment motion). In this issue, Gray asserts that we should reverse the summary judgment because her trial-court responses "raise[d] genuine issues of material fact on all challenged elements, raised more than a scintilla of evidence on all challenged elements, raised sustainable objections to the alleged evidence attached to Matthew Alan Beck's Original MSJ, and provided her own attached evidence (including declarations equivalent to affidavits under Tex. Civ. Prac. & Rem. Code § 132.001)." We construe this issue as broadly challenging both the no-evidence and the traditional summary judgments. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (establishing that appellant must either broadly assert that trial court erred in granting summary-judgment motion, which preserves appellant's right to argue all possible grounds, or

5

specifically challenge each and every ground upon which the trial court could have based its ruling). Accordingly, after addressing the threshold issue of whether Gray lacked proper notice of the summary-judgment hearing on Matthew's amended summary-judgment motion, we turn to the core issue—Gray's challenge to the no-evidence motion. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) (explaining that if nonmovants fail to produce more than scintilla of evidence establishing existence of challenged elements to defeat no-evidence motion, there is no need to analyze whether movant's proof satisfies traditional summary-judgment burden by creating genuine issue of material fact).

**I.      Gray had adequate notice of the summary-judgment hearing**

Gray asserts that she was deprived of her 14th Amendment right to due process because no new notice of the February 2 hearing was issued after Matthew filed his amended summary-judgment motion on January 11. Matthew responds that any error by the trial court in failing to provide a new notice of hearing after the amended motion was filed was harmless because the amended motion presented no new grounds, Gray had "complete notice of these grounds and extensive opportunity to respond," and her counsel appeared at the February 2 hearing and argued against the motion's merits without raising any objection about notice defects or expressing surprise at the content of the amended motion.

"Our rules of civil procedure prescribe guidelines to ensure the parties receive notice and a meaningful opportunity to be heard." *B. Gregg Price, P.C. v. Series 1 – Virage Master LP*, 661 S.W.3d 419, 424 (Tex. 2023) (requiring notice when court reschedules previously canceled hearing); *see* Tex. R. Civ. P. 166a(c) (requiring summary-judgment motion

to be served on opposing party at least twenty-one days before time specified for hearing).[3] Although Rule 166a(c) of the Texas Rules of Civil Procedure calls for a hearing on a summary-judgment motion, "an oral hearing is not mandatory." *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (per curiam) (noting that Rule 166a(c) prohibits oral testimony at hearing); *see Long v. Yurrick*, 319 S.W.3d 944, 948 (Tex. App.—Austin 2010, no pet.) ("Due process does not require an oral hearing on a motion for summary judgment . . . ."). The Rule requires notice of the submission date to provide parties with an opportunity to respond to the motion. *Martin*, 989 S.W.2d at 359; *Long*, 319 S.W.3d 944 at 948.

In this case, Matthew's amended motion did not add any new grounds and instead reorganized and clarified the challenges raised against Gray's informal-marriage claim. *Compare DMC Valley Ranch, L.L.C. v. HPSC, Inc.*, 315 S.W.3d 898, 902 (Tex. App.—Dallas 2010, no pet.) (holding that post-hearing filings that sought only to supplement evidence, not to add new grounds, were not subject to notice provision), *with Sams v. N.L. Indus., Inc.*, 735 S.W.2d 486, 488 (Tex. App.—Houston [1st Dist.] 1987, no writ) (holding that post-hearing reply that added new grounds required new notice and hearing). The record contains multiple responses to the original motion that Gray filed (only one of which included evidence). Her counsel was present at the February 2 hearing and did not object to inadequate notice of a hearing on the amended summary-judgment motion. Both sides argued the grounds raised in the amended motion, which were the same grounds raised in the original motion. Matthew's counsel

---

[3] The Texas Supreme Court recently amended Texas Rule of Civil Procedure 166a, but "[o]ther than the deadline changes, Rule 166a's rewrite is not intended to substantively change the law." Tex. R. Civ. P. 166a cmt., 89 Tex. B.J. 286, 292 (2026). The amendments renumbered the rule's provisions. *See id.* at 289-292. Because the amendments apply only to summary-judgment motions filed on or after March 1, 2026, and the filing of Matthew's summary-judgment motion preceded the amendments, we refer to the provisions of Rule 166a in effect at the time. *See id.*

made arguments against the evidence that Gray presented with her response and did not argue that she had no response on file to the amended motion. Instead, both sides argued and the trial court considered the evidence presented by Gray with her response. Under these circumstances, we conclude that the trial court did not err by not providing a new notice of the hearing date. *See DMC Valley Ranch*, 315 S.W.3d at 902; *see also Martin*, 989 S.W.2d at 359 (concluding that although trial court erred by failing to provide notice of motion's submission date, such error was harmless error when nonmovant had opportunity to respond and response was fully considered by trial court before it reconfirmed its ruling). We overrule Gray's first issue.

## II. Gray's evidence fails to raise a fact issue on the elements of informal marriage

Gray's issues two through six complain of various assertions of procedural error by the trial court in considering certain evidence and failing to rule on Gray's objections to some of that evidence. Because its resolution informs our treatment of those issues, we turn first to the dispositive issue presented by this appeal—whether the trial court erred by concluding that Gray failed to present evidence that raises a material fact issue on the elements of informal marriage in response to Matthew's amended motion for no-evidence summary judgment.

### A. Standard of review

We review summary judgments de novo, taking as true all evidence favorable to the nonmovant, and indulging every reasonable inference and resolving any doubts in the nonmovant's favor." *First Sabrepoint Cap. Mgmt., L.P. v. Farmland Partners Inc.*, 712 S.W.3d 75, 84 (Tex. 2025) (quoting *Weekley Homes, LLC v. Paniagua*, 691 S.W.3d 911, 915 (Tex. 2024)).

8

After adequate time for discovery, a party may move for summary judgment "on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i). The court must grant the no-evidence motion unless the nonmovant responds with more than a scintilla of "evidence raising a genuine issue of material fact." *Id.*; *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Forbes Inc.*, 124 S.W.3d at 172 (quoting *King Ranch v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)). More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions. *Id.*

In a traditional summary-judgment motion, the movant has the burden to show that no genuine issue of material fact exists and the trial court should grant judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Gill v. Hill*, 688 S.W.3d 863, 868 (Tex. 2024). The nonmovant must then present evidence raising a fact issue. *First Sabrepoint Cap. Mgmt.*, 712 S.W.3d at 84-85.

When a court grants both traditional and no-evidence summary-judgment motions, the appellate court should first consider the no-evidence motion. *See Ford Motor Co.*, 135 S.W.3d at 600 (explaining that if nonmovants do not successfully carry burden to produce more than scintilla of evidence to defeat no-evidence motion, court need not analyze nonmovants' challenge to movant's evidence presented in support of traditional motion).

## B. Elements of common-law marriage

A proponent of a common-law marriage must prove that (1) the parties agreed to be married, (2) after the agreement they lived together in Texas as husband and wife, and (3) represented to others in Texas that they were married. Tex. Fam. Code § 2.401 (proof of informal marriage). "A common-law marriage does not exist until the concurrence of all three elements." *Eris v. Phares*, 39 S.W.3d 708, 713 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Because the proponent of the informal marriage bears the burden of proving all three elements by a preponderance of the evidence, failing to establish any single element is fatal to the claim. *Compare Continental Cas. Ins. Co. v. Lavender*, No. 02-10-00399-CV, 2011 WL 2306832, at *2 (Tex. App.—Fort Worth June 9, 2011, pet. denied) (mem. op.) (affirming trial court's grant of no-evidence summary judgment because proponent of informal marriage did not present evidence constituting more than scintilla of parties' intent to be presently married and not addressing remaining two elements of informal marriage), *with Mooneyham v. Knapp*, No. 14-24-00243-CV, 2026 WL 275918, at *5 (Tex. App.—Houston [14th Dist.] Feb. 3, 2026, no pet.) (mem. op.) (reversing summary judgment because nonmovant raised fact issue on all three elements of informal marriage).

## C. No evidence of representation to others

In response to Gray's challenge to the summary-judgment grant on the no-evidence motion, Matthew argues that none of Gray's evidentiary objections affect the validity of the trial court's ruling on the no-evidence grounds because Gray failed to produce evidence on any of the elements. Matthew focuses specifically on the lack of evidence of the

"representation to others" element, which he argues provides an independent basis for affirming the judgment. Therefore, we examine the evidence submitted by Gray on this element.

The statutory requirement of "representing to others" in Texas that the parties are married is synonymous with the judicial requirement of "holding out to the public." *Eris*, 39 S.W.3d at 714-15. Courts have long recognized that "holding out" may be established by conduct and actions of the parties; "[s]poken words are not necessary to establish representation as husband and wife." *See, e.g., id.* at 715. Many cases turn on whether the couple had a reputation in the community for being married. *E.g., id.* (citing cases); *see also Smith v. Deneve*, 285 S.W.3d 904, 910 (Tex. App.—Dallas 2009, no pet.) ("[A] 'couple's reputation in the community as being married is a significant factor in determining the holding out element.'" (quoting *Danna v. Danna*, No. 05–05–00472–CV, 2006 WL 785621, at *1 (Tex. App.—Dallas March 29, 2006, no pet.) (mem. op.)). This element requires both parties to have represented themselves as married. *Smith*, 285 S.W.3d at 910.

Matthew argues that the evidence Gray offered to establish this element amounts to no evidence because all she offered were conclusory affidavits. Conclusory affidavits do not raise fact issues. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). "They are not credible, nor susceptible to being readily controverted." *Id.* (citing Rule 166a(c)). "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Haynes v. City of Beaumont,* 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.) (holding affidavits lacking examples of employee's "poor and unacceptable behavior" were conclusory). "[C]onclusory testimony cannot support a judgment" because it is considered no evidence. *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 222-23 (Tex. 2019) (quoting *City of San Antonio v. Pollock*, 284 S.W.3d 809, 818 (Tex. 2009), and citing

11

*Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010) ("When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983))).

The affidavits submitted by Gray with her summary-judgment response, including her own, do nothing more than paraphrase the statutory language. She states that she and Robert satisfied the requirements of Section 2.401 and that she reported to the attorney ad litem that they met in April 2019, lived together from May 2019 until Robert's death, and that they held themselves out to others as married. She further attests,

1. Robert Beck asked me to marry him.

2. We agreed to be informally married.

3. Robert Beck and I lived together, as husband and wife after the agreement to be married.

4. Robert Beck and I held ourselves out to others who knew that we were married. *(See Aff's James Monroe, Valerie Gray, Louis A. Wootton[,] Drake Wootton, Cyndi Frith, Sean Frith, Rick Martinez, Jane Wootton, Brad Cullipher)*

The affidavits from others to which Gray refers contain similarly conclusory statements:

- Drake Wootton (Gray's nephew): "I have known JANE CAMILLE GRAY and ROBERT OLE BECK since June 2019 to December 2022, where they held themselves out as a married couple to others."

- Cyndi Frith: "I have known JANE CAMILLE GRAY and ROBERT OLE BECK as a married couple from June 2019 to December 2022. They represented themselves as spouses since I have known them."

12

- Sean Frith: "I have known JANE CAMILLE GRAY and ROBERT OLE BECK as a married couple from June 2019 to December 2022. They represented themselves as spouses since I have known them."

- Jane Wootton (Gray's mother): "Bob told me he wanted to marry my daughter and she wanted to marry, too. I gave them my blessing and they began to live together in May 2019. Bob and Camille held themselves out to everyone they were a married couple."[4] (Paragraph numbering omitted.)

- Brad Cullipher (Gray's son-in-law): "I have known JANE CAMILLE GRAY and ROBERT OLE BECK as a married couple from 2019 to 2022. They held themselves out as a married couple."

None of these affidavits contain specific factual bases for the statements. "[T]he statements are conclusory and not sufficient to raise a genuine issue of fact on the element of representations of marriage to others." *Nichols v. Lightle*, 153 S.W.3d 563, 570–71 (Tex. App.—Amarillo 2004, pet. denied) (concluding that statement that "we held out to others that we were husband and wife" was conclusory). The affidavits provide no information about the conduct and actions of Gray and Robert or their speech that would establish that they "held themselves out as a married couple to others." "The element of holding out requires more than occasional references to each other as 'wife' and 'husband.'" *Smith*, 285 S.W.3d at 910 (quoting *Flores v. Flores,* 847 S.W.2d 648, 653 (Tex. App.—Waco 1993, writ denied)). For example, the Texas Supreme Court concluded there was no evidence of holding out where the woman introduced the man as her husband to two or three friends, told a few others that she was married, and wore a wedding band given to her by the man. *Ex parte Threet*, 333 S.W.2d 361, 364 (Tex. 1960); *see also In re Marriage of Miller & Boldery*, No. 12-23-00230-CV, 2024 WL 2064098, at *4 (Tex. App.—Tyler May 8, 2024, no pet.) (mem. op.) (concluding affidavit statement

---

[4] Jane's first statement only demonstrates a future intent to marry, not an agreement to marry. Her second statement supports an inference of living together.

repeating statutory language is not competent summary-judgment evidence on this element and conclusory statements of friend about "several" unspecified occasions of representation as spouses did "not rise past 'isolated references'"); *Smith*, 285 S.W.3d at 909-10 (concluding no evidence of holding out based on man's affidavit testimony that woman accepted ring and they began to introduce each other as husband and wife and others would introduce them as husband and wife when he adduced no evidence as to whether these events were common or rare); *Danna*, 2006 WL 785621, at *1 (concluding that evidence of four instances of holding out over span of two or more years was insufficient to raise genuine fact issues).

In contrast, courts have found that a common-law marriage proponent has adduced more than a mere scintilla of evidence on the holding-out element when the proponent has described specific occasions, particular people, or patterns of conduct that allowed the court to assess whether the holding out was common or rare. *See McMaster v. Small*, No. 14-13-00069-CV, 2014 WL 950471, at *4 (Tex. App.—Houston [14th Dist.] Mar. 11, 2014, no pet.) (mem. op.) (collecting cases where sufficient evidence had been presented and concluding that informal-marriage proponent adduced sufficient evidence to raise fact issue with testimony from nine witnesses describing representations made on specific occasions, in certain situations, and to particular groups of people). Here, Gray adduced no evidence that she and Robert "had any reputation in the community for being married," *Smith*, 285 S.W.3d at 910, and gave no specific examples of times when "they held themselves out as a married couple."

We conclude that the conclusory affidavits amount to no evidence on the essential element of representation to others in Texas that Gray and Robert were married and that Gray adduced no other evidence of this element. Therefore, we affirm the trial court's no-evidence summary judgment on the issue of informal marriage.

14

## III.     Gray's remaining issues

In Gray's issues two through six, she asserts that the trial court erred by denying her the right to be heard at the summary-judgment hearing after taking judicial notice of the attorney ad litem's report (issue two), taking unsworn "live testimony" from the attorney ad litem at the hearing (issue three), failing to rule on Gray's objections to Matthew's summary-judgment evidence (issue four), failing to grant Gray's motion to withdraw deemed admissions (issue five), and relying on defective evidence to grant summary judgment because Gray did not file a response to the amended summary-judgment motion and ignoring meritorious defenses (issue six).  Because we have affirmed the trial court's judgment on the no-evidence motion, we need not reach these evidentiary issues.  *See* Tex. R. App. P. 47.1.

In her seventh issue, Gray argues that the trial court erred by denying and dismissing with prejudice her opposition to Matthew's application to determine heirship and for letters of independent administration.  She contends that the trial court erred because the record shows that Matthew's counsel stated that the February 2 hearing was only on the summary-judgment motion, not on Matthew's application.  Thus, according to Gray, the trial court should not have considered her opposition to the application at the hearing.  We disagree.  Gray's opposition was based on her allegation that she was Robert's common-law wife, making her an "interested person" as defined by the Texas Estates Code.  After the trial court determined that no informal marriage existed, Gray had no basis for her opposition and the trial court did not need to hear argument to determine that her opposition should be denied with prejudice.  We overrule Gray's seventh issue.

**CONCLUSION**

We affirm the trial court's grant of summary judgment on the issue of informal marriage and its denial with prejudice of Gray's opposition to Matthew's application to determine heirship and for letters of independent administration.

_____

Gisela D. Triana, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed

Filed:   June 26, 2026